UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

AFCO CREDIT CORPORATION,

    Plaintiff,

v.

                                                    Case No. 3:23-cv-207

RANDALL TRANSPORTATION LLC,

    Defendant.

## COMPLAINT

Plaintiff, AFCO CREDIT CORPORATION ("AFCO") by its attorneys, sues Defendant, RANDALL TRANSPORTATION LLC ("Defendant") and hereby alleges as follows:

## NATURE OF ACTION

1. This is a straightforward action to obtain a judgment against Defendant resulting from its failure to perform its payment obligations under an insurance premium finance agreement.

2. AFCO has performed all obligations, if any, required of it under the Finance Agreement (as defined below). On the other hand, despite receiving multiple written notices of default and demands for payment from AFCO, Defendant has failed and refused to make the payments due to AFCO as required under the Finance Agreement.

3. Accordingly, AFCO seeks entry of a judgment as follows: (a) against Defendant, in the amount of $131,307.94, representing the amount due and owing under the Finance Agreement as of February 6, 2023, with interest accruing at the rate of 4.60% *per annum*; (b) against Defendant, for reasonable attorneys' fees and costs incurred by AFCO in enforcing its rights and remedies under the Finance Agreement; and (c) such other and further relief as the Court deems just and proper.

## THE PARTIES

4. Plaintiff, AFCO, is a corporation organized under the laws of the State of New York with its main office located at 711 Fifth Avenue, 6th Floor, New York, NY 10022.

5. Upon information and belief, Defendant, RANDALL TRANSPORTATION LLC, is a corporation organized under the laws of the State of Florida, with its principal place of business located at 5854 West 5th Street, Jacksonville, Florida 32254.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332. This is an action for damages which exceed $75,000, exclusive of interests and costs and the parties are citizens of different states.

7. Defendant is subject to personal jurisdiction in Florida because it is domiciled in this District and has consented to the jurisdiction of the courts of the Florida with respect to any proceedings relating to the Agreement which is the subject of this action.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this District.

## STATEMENT OF FACTS

**A.   The Loan Documents**

9. On January 31, 2022, Defendant executed that certain Premium Finance Agreement (the "Finance Agreement") with AFCO. A true and correct copy of the Finance Agreement is attached hereto as **Exhibit A**. Under the Finance Agreement, AFCO made a loan to Defendant in the total amount of $473,658.38 to pay the insurance premiums for certain insurance policies as identified on the Finance Agreement (the "Financed Policies"). *See* Ex. A.

10. Pursuant to the Finance Agreement, Defendant agreed to make a down payment in the amount of $44,207.62 and was required to make eleven (11) monthly payments, each in the

amount of $44,207.62, commencing March 3, 2022.  *See* Ex. A.

11. The Finance Agreement is governed by laws of the State of Florida. *See* Ex. A, ¶ 21 ("The laws of the state indicated in [Defendant's] address as set forth herein will govern this agreement.").

12. Defendant's absolute and unconditional promise to pay AFCO is set forth in Section 2 of the Finance Agreement, which provides "**PROMISE OF PAYMENT**: [Defendant] requests that [AFCO] pay the premiums in the Schedule of Policies. The [Defendant] promises to pay [AFCO] the amount stated in Block F above according to the payment schedule, subject to the remaining terms of the agreement." *See* Ex. A, ¶ 3.

13. Under the terms of the Finance Agreement and applicable Florida law, Defendant granted AFCO a security interest in any and all unearned premiums (the "Unearned Premiums") that may become payable under the Financed Policy to secure the obligations of Defendant to AFCO under the Finance Agreement. *See* Ex. A, ¶ 3. Additionally, Defendant irrevocably appointed AFCO as Attorney-in-Fact for Defendant with full authority to effect cancellation of the Financed Policies. *Id.,* ¶ 9.  Further, AFCO has the right to cancel the Financed Policies, to obtain all of the Unearned Premiums under the Financed Policy, to retain the sums due to AFCO, and to return any excess to Defendant. *Id.,* ¶ 10.

14. Additionally, under Section 16 of the Finance Agreement, Defendant is obligated to pay the attorneys' fees and costs incurred by AFCO in the enforcement of its rights thereunder, including this lawsuit.  *See* Ex. A, ¶ 16.

**B.** **Default Under the Finance Agreement**

15. Pursuant to Defendant's statement of account (the "Account Statement"), Defendant made the down payment and five (5) of the monthly payments.  A true and correct copy of the Account Statement is attached hereto as **Exhibit B**.

16. Defendant failed to make the monthly payment due on August 3, 2022. Pursuant to the terms of the Finance Agreement, the entire amounts due thereunder have been accelerated. As set forth in the Account Statement, the amount due and owing, after acceleration, and not including attorneys' fees and costs, or late fees, totaled $131,307.94 as of February 6, 2023 (the "Obligations"). *See* Ex. B.

17. The Obligations take into account and include all just and lawful offsets, payments, and credits to Defendant.

18. On August 8, 2022, as authorized under the Finance Agreement and applicable law, AFCO sent notice to Defendant of its payment default and AFCO's intent to cancel the Financed Policy (the "Notice of Intent"). A true and correct copy of the Notice of Intent is attached hereto as **Exhibit C**.

19. On August 19, 2022, AFCO sent notice of cancellation (the "Cancellation Notice") to Defendant, effectively cancelling the Financed Policies as of August 24, 2022. A true and correct copy of the Cancellation Notice is attached hereto as **Exhibit D**.

20. By letter dated December 13, 2022, AFCO made demand on Defendant to pay all outstanding Obligations owed under the Finance Agreement (the "Demand Letter"). A true and correct copy of the Demand Letter is attached hereto as **Exhibit E**.

21. As of December 21, 2022, AFCO received total Unearned Premiums in the amount $135,163.00, which AFCO applied to the Obligations as reflected in the Account History. *See* Ex. B.

22. Despite these notices and demands, Defendant has failed or refused to pay the amounts due and owing under the Finance Agreement.

23. As set forth above, Defendant's obligation to immediately pay the entire amounts

owed on the Finance Agreement to AFCO was triggered by the failure to pay the amounts due under the Finance Agreement when owing and then failure to cure the default. *See* Ex. A.

24. In addition, upon the occurrence of a default, AFCO is entitled to reimbursement of all costs and expenses, including reasonable attorneys' fees and court costs incurred by AFCO in collecting or otherwise enforcing the Finance Agreement. *See* Ex. A at ¶ 16.

25. AFCO has fully performed its obligations under the Finance Agreement and is not aware of any defense Defendant can assert to dispute the enforceability of the Finance Agreement or the amount sought by AFCO herein.

C. **Plaintiff's Damages**

26. All obligations are now due and owing under the Finance Agreement, in an amount not less than $131,307.94 as of February 6, 2023, consisting of the loan balance exclusive of interest. In addition, pursuant to the Finance Agreement, AFCO is entitled to an award of all costs and expenses, including reasonable attorneys' fees and court costs incurred by AFCO in collecting or otherwise enforcing the Finance Agreement. *See* Ex. A at ¶ 16.

## COUNT I
## BREACH OF CONTRACT

27. AFCO repeats and realleges each and every allegation contained in the foregoing paragraphs as fully set forth at length herein.

28. Defendant agreed to pay for all installments stipulated by the Finance Agreement, plus reasonable attorneys' fees and court costs incurred by AFCO in collecting or otherwise enforcing the Finance Agreement. *See* Ex. A generally.

29. Defendant is currently indebted to AFCO for unpaid loan balances totaling $131,307.94.

30. Despite due demand, Defendant refuses to pay AFCO any portion of the

outstanding balance due and owing.

31. As a result of Defendant's refusal to pay the outstanding balance, AFCO referred its claim against Defendant to its attorneys for collection.

32. The Finance Agreement provides that AFCO shall recover its attorneys' fees, costs of collection, and interest on all unpaid amounts due and owing.

33. By reason of the foregoing, AFCO is entitled to judgment against Defendant for the sum of $131,307.94 for breach of contract plus court costs.

WHEREFORE, Plaintiff, AFCO CREDIT CORPORATION, requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

a. Damages in the sum of $131,307.94

b. Attorney's fees, litigation expenses and costs of suit;

c. Any such other or further relief this Court deems just and proper.

Dated: February 24th, 2023                    Respectfully submitted,

By: /s/ *Maximilien Palenzuela*
Maximilien Palenzuela, Esq.
Florida Bar No. 1031444
Email: mpalenzuela@reedsmith.com
**REED SMITH LLP**
200 S Biscayne Boulevard, Suite 2600
Miami, FL 33131
Telephone: (786) 747-0321
Facsimile: (786) 747-0299

*Attorney for Plaintiff, AFCO Credit Corporation.*

## VERIFICATION

STATE OF SOUTH CAROLINA )
                                         ) ss.:
COUNTY OF FLORENCE )

Patti L. Smith, being duly sworn deposes and says:

I am a Senior Vice President, Carrier Returns and Collections Manager employed by AFCO Credit Corporation ("AFCO"), Plaintiff in the within action; I have read the annexed Verified Complaint, know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters I believe them to be true. The basis for the allegations made upon information and belief is my review of documents maintained by AFCO in the ordinary course of its business.

_____
Patti L. Smith
Senior Vice President, Collections

Sworn to before me this
21st day of February, 2023

_____
Notary Public

*[Notary Seal: DAWN SCALA, NOTARY PUBLIC, STATE OF SOUTH CAROLINA, My Comm Exp. Nov 9, 2030]*