**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

AFCO CREDIT CORPORATION,

       Plaintiff,

v.                                                          Case No. 3:23-cv-207-MMH-MCR

RANDALL TRANSPORTATION LLC,

       Defendant.

_____/

**ORDER**

      **THIS CAUSE** is before the Court on Plaintiff's Response to Order to Show Cause (Doc. 6; Response), filed on April 4, 2023. Plaintiff AFCO Credit Corporation initiated this action on February 24, 2023, with the filing of the Complaint (Doc. 1). In the Complaint, AFCO asserts that this Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332. See Complaint ¶ 6. Upon review of the Complaint, the Court entered a Jurisdictional Order (Doc. 4) explaining that although AFCO had attempted to invoke the Court's diversity jurisdiction, it had not properly alleged the citizenship of Defendant Randall Transportation LLC. In the Jurisdictional Order, the Court explained at length the rules governing the assertion of diversity jurisdiction in federal court, including properly pleading the

citizenship of limited liability companies. See generally Jurisdictional Order. The Court directed AFCO to provide additional information so that it can determine whether the Court has diversity jurisdiction over this action. See id. at 6. When AFCO failed to do so by the Court ordered deadline, the Court entered an Order to Show Cause why the case should not be dismissed for failure to prosecute. See Order (Doc. 5), entered March 22, 2023. AFCO then filed the Response.

In the Response, AFCO attempts to establish Randall Transportation LLC's citizenship with the following statement: "[t]he Articles of Organization and the Florida Limited Liability Company Annual Report lists only a [sic] two members for the Defendant: Sherman L. Randall and Angela D. Randall, who are both listed as having addresses in Jacksonville, Florida." See Response at 2, Exs. A-B. The Court has reviewed the filings to which AFCO refers and while they identify two managers of the limited liability company, they do not establish that the identified persons are Randall Transportation LLC's members, much less its only members. See Response, Exs. A-B. Angela and Sherman Randall are identified as Randall Transportation's "VP" and "CEO" respectively, and listed as its "managers," but to establish diversity jurisdiction, the Court needs information regarding the citizenship of the members of a limited liability company. See Rolling Greens MHP, L.P., 374

F.3d at 1022. Indeed, the Court explained this principle in the prior Jurisdictional Order. See Jurisdictional Order at 3-4.

Moreover, even if Angela and Sherman Randall are the only members of Randall Transportation LLC, AFCO makes no attempt to allege the citizenship of these individuals. Instead, AFCO appears to assume that these individuals are Florida citizens based on the Florida address provided in the business records. However, the Court cannot determine Sherman and Angela Randall's citizenship based on an address alone. See Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994) ("Citizenship, not residence, is the key fact that must be alleged . . . to establish diversity for a natural person."); see also Miss. Band of Choctaw Indians v. Holyfield, 490 U.S. 30, 48 (1989) ("'Domicile' is not necessarily synonymous with 'residence[.]'"). Indeed, the Court also explained this principle in the prior Jurisdictional Order as well. See Jurisdictional Order at 2. As such, the information AFCO has provided is entirely insufficient to establish Randall Transportation LLC's citizenship.

Without the necessary information to assure the Court that it has jurisdiction over this action, the Court is powerless to proceed. Accordingly, "in the hope of preventing the needless expenditure of litigant and judicial resources that occurs when a case proceeds to trial in the absence of subject matter jurisdiction[,]" see Zambelli Fireworks Mfg. Co., Inc. v. Wood, 592 F.3d 412, 419 (3d Cir. 2010), the Court will afford AFCO one **FINAL** opportunity to

provide the Court with sufficient information to establish the citizenship of the parties and this Court's diversity jurisdiction over the instant action. In doing so, the Court will require counsel for AFCO to carefully review the Jurisdictional Order in its entirety and certify that he has done so. Accordingly, it is

**ORDERED**:

Plaintiff AFCO Credit Corporation shall have until **April 21, 2023**, to provide the Court with sufficient information so that it can determine whether it has diversity jurisdiction over this action. Counsel for Plaintiff must carefully review the February 27, 2023 Jurisdictional Order (Doc. 4) in its entirety and certify that he has done so in his response to this Order.

**DONE AND ORDERED** in Jacksonville, Florida on April 6, 2023.

MARCIA MORALES HOWARD
United States District Judge

lc11
Copies to:

Counsel of Record

-4-